## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THE ESTATE OF
KATHLEEN A. BOROWSKI, by
its administrator, JOHN BOROWSKI
individually,

        Plaintiff,

    v.

VILLAGE OF BRIDGEVIEW, MAYOR
STEVEN M. LANDEK, CHIEF CHARLES
CHIGAS in their individual and official
capacities, and the members of the Village of
Bridgeview Board of Trustees, WAYNE F.
GRABINSKI, JEFFREY S. GUIDISH,
JOSEPH J. KAPUT, NORMA J. PINION,
MICHAEL J. PITICEK, in their individual and
official capacities,

        Defendants.



Case No.
**Jury Trial Requested**

JUDGE CONLON

MAGISTRATE JUDGE DENLOW

DOCKETED
MAY 11 2000

## COMPLAINT

    NOW COMES Plaintiff, the Estate of Kathleen Borowski, by and through its attorneys,

LISA KANE & ASSOCIATES, P.C., and complaining of Defendants, Village of Bridgeview, et

al., states as follows:

### Preliminary Statement

    1.    This is an action seeking redress for the violation of rights guaranteed to Plaintiff

by 42 U.S.C. § 1983 to redress the deprivation under color of statute, ordinance, regulations,

custom or usage of rights secured to Plaintiff by the First and Fourteenth Amendments to the

Constitution of the United States, namely the right to be free to associate, without retaliation,

with the mayoral candidate of her choosing, along with the right to associate with those who

support that mayoral candidate, to be free to engage, without retaliation, in speech on a matter of

public concern, which took the form of campaign signs placed on the property of Kathleen

Borowski which manifested support for the Future Party candidate running in the Bridgeview

mayoral election, attendance at campaign rallies for the Future Party candidate, and open support

for that candidate while off duty from her position with the Village Police Department, and the

right to equal protection of the laws. Plaintiff seeks mandatory declaratory relief and damages to

redress the unlawful practices as engaged in by Defendants.

### Jurisdictional Statement

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4)

and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42

U.S.C. § 1983, pursuant to 755 ILCS 5/27-6 transferring Kathleen A. Borowski's causes of

action alleged herein against Defendants to her estate representative, John Borowski.

Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

### Venue

3.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

### Parties

4.      Plaintiff, the Estate of Kathleen A. Borowski, is administered by John Borowski,

who brings this action on behalf of his deceased wife's estate under 735 ILCS 5/27-6. John

Borowksi is a citizen of the United States who resides in Bridgeview, Illinois. Mr. Borowski was

at all relevant times the husband of Kathleen A. Borowski.

5.      Defendant, Village of Bridgeview, is a unit of local government and a person

within the meaning of 42 U.S.C. § 1983.

6.      Defendants, Village of Bridgeview Mayor STEVEN M. LANDEK, Village of

Bridgeview Chief of Police CHARLES CHIGAS, and Village of Bridgeview Board of Trustee members, WAYNE F. GRABINSKI, JEFFREY S. GUIDISH, JOSEPH J. KAPUT, NORMA J. PINION, and MICHAEL J. PITICEK named in their official and individual capacities are the highest ranking final policy-making officials of the Village of Bridgeview and/or are vested with such authority by delegation, and their acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to Village of Bridgeview policy.

7.     The decision-making and final policy-making authority of Defendants, Mayor STEVEN M. LANDEK, Chief of Police, Charles Chigas, and Village of Bridgeview Board of Trustee members, WAYNE F. GRABINSKI, JEFFREY S. GUIDISH, JOSEPH J. KAPUT, NORMA J. PINION, MICHAEL J. PITICEK were invoked to deprive Kathleen Borowski of her Constitutional rights secured under the First and Fourteenth Amendments to the United States Constitution through 42 U.S.C. § 1983 in so far as the final policy-making authority to effect the compensation and terms and conditions of employment of Village officers and employees reside in the Mayor, the Chief of Police, and the individual members of the Board of Trustees pursuant to Village Ordinance and the Police Department Rules and Regulations.

## COMMON ALLEGATIONS

8.     Kathleen Borowski ("Mrs. Borowski", "Kathleen", or "Borowski") was hired as an animal control officer by the Village of Bridgeview in 1987. Her position was originally part-time, but she was promoted to a full-time position approximately eight years after the Village hired her.

9.     Mrs. Borowski performed to the reasonable satisfaction of her employer at all times relevant to this action, and Mayor Landek and Police Chief Chigas acknowledged her high level and conscientious performance.

3

10.     Kathleen Borowski was certified by federal and state authorities in wildlife rehabilitation.

11.     Kathleen's duties included removing injured and/or dangerous animals from scenes where the Village's Police and Fire Department personnel were performing their duties, as well as enforcing local animal control ordinances, serving as an advisor regarding Village animal control ordinances, participating in the revision of the ordinances from time to time, and providing education and training on animal control issues to Bridgeview citizens and Village personnel.

12.     In 1998, Kathleen was named the Village of Bridgeview's "Officer of the Year."

13.     The Village of Bridgeview has long been run by one dominant political party known as "The Active Party."

14.     Then Mayor John A. Oremus had been an Active Party member for over 40 years.

15.     Pursuant to Village of Bridgeview policy, the Mayor appoints the Village of Bridgeview Police Chief, who served, at all times, as Kathleen Borowski's direct superior.

16.     In January of 1999, a group of Active Party members decided that it did not want the incumbent, Mayor Oremus of the Active Party, to run for re-election, nor would it support his bid for re-election.

17.     The Active Party members instead nominated Steven M. Landek for their choice in the upcoming election.

18.     Consequently, then Mayor Oremus and others formed a new party, "The Future Party," which nominated as a candidate for mayor, Joe Madonia, and which nominated other Future Party candidates for various Village elected positions.

19.     Mrs. Borowski, along with her husband, John Borowski, joined the campaign to

4

elect the slated candidates of the Future Party.

20.     Soon thereafter, John Borowski began acquiring petition signatures for Future Party candidates.

21.     Kathleen was pressured by Village Trustee and Active Party member, Wayne Grabinski, to renounce her allegiance to the Future Party.

22.     Grabinski asked Kathleen Borowksi to sign a petition for the Active Party mayoral candidate knowing that she and her husband had joined the opposing party.

23.     Grabinski shook his head in disgust, told Kathleen that "Mr. Green" would be calling her soon, scoffed, and abruptly turned and walked away from Mrs. Borowski when she politely resisted his intimidating urgings to sign the Active Party petition which he presented to her.

24.     The "Mr. Green" to which Grabinksi referred was Dan Green whose son was the Head of the Village's Water Department at the time.  Green called Kathleen several times in an effort to dissuade Kathleen from opposing the Active Party.

25.     The Active Party mayoral candidate, Steve Landek, made promises to the Village police officers that he would fire the Police Chief at the time, Vladimir Ivkovich, who expressed his support for a candidate other than Landek.

26.     Many Village police officers actively sought petition signatures for the Active Party mayoral candidate.

27.     Many of the sergeants and lieutenants in the Village police department expressed their disapproval of Mrs. Borowski's choice to support the Future Party candidate.

29.     All but three of the Village police officers placed Active Party signs in their front lawns.

30.     Reacting to Mrs. Borowski's refusal to submit to the pressure placed on her by members of the Board of Trustees and other party members doing the Board's bid in attempting to coerce Borowski to abandon her support for the Future Party mayoral candidate, Kathleen's fellow officers began to give her the "silent treatment," abruptly ending conversations when she entered the room and refusing to speak to her, a blatant and overt reversal of her relationship with her co-officers prior to supporting the Future Party.

31.     At the behest of the members of the Village Board of Trustees, Sergeant Wally Klimek, in an attempt to intimidate Mrs. Borowski and impede the Village political process, conducted purposely obvious surveillance in his car of Mr. Borowski as he collected petition signatures door to door for the Future Party mayoral candidate in direct contravention of the Bridgeview Police Department Rules and Regulations prohibiting members of the police department from using their positions as members to coerce or influence others in the exercise of their political rights.

32.     Klimek, in another attempt to intimidate Kathleen, parked his car, which had prominently displayed campaign signs on it directly in front of Mrs. Borowski's car, which was parked in the public lot near the police station in an overt effort to coerce or influence her in the exercise of her political rights in light of the fact that sergeant Klimek had his own parking space in the police lot and did not park in the lot where Mrs. Borowski parked except as a coercive and harassing "reminder" that her political affiliations were not tolerated by her superiors in the police department.

33.     Mrs. Borowski and her family had decided to place Future Party campaign signs on their front lawn.

34.     After Kathleen placed the signs in her yard, Bob Pavda, a park district employee

6

told her that she "shouldn't have put up that Future Party sign."

35.     After attending an Active Party meeting, Village secretary, Marlene Nelson, approached Kathleen and told her "it's not too late to take down your Future Party sign; I'm worried about you."

36.     Nelson suggested to Kathleen that various Active Party members and candidates wanted her unconditional support and wanted her to renounce her affiliation with the Future Party as the only means of protecting her job after the election, "otherwise," Nelson whispered, "they're going to cut the budget, and you know what I mean."

37.     Not long after that, Kathleen was confronted by her Police Chief with an unfounded and retaliatory allegation that she had given out Future Party signs from her patrol vehicle.

38.     Mrs. Borowski forthrightly denied the allegations and inquired as to their origin.

39.     The Chief informed Mrs. Borowski that the allegations "came from across the hall," meaning from the Village Clerk's office, all the whom were strident Active Party members.

40.     The Active Party mayoral candidate won the election on April 2, 1999.

41.     After the election, the terms and conditions of Kathleen's employment were radically changed in retaliation for her outward support of the Future Party in the following ways:

          a.     Newly elected Mayor Steven Landek subjected Kathleen Borowski to hostile and psychologically abusive treatment, including, but not limited to, threatening her with termination, or with the elimination of her position from the Village budget;

          b.     Mayor Landek and the Board of Trustees gave each member of the force, except Officer Borowski, a new patrol vehicle;

          c.     Mayor Landek ordered Borowski to move her belongings from her office

7

at the police department into a cubicle;

      d.     Mayor Landek caused Mrs. Borowski to be assigned to menial tasks not within the purview of her position, such as driving old patrol vehicles to the repair shop; and

      e.     Mayor Landek singled Kathleen Borowski out as the only member of the police force who did not receive a salary increase from the new administration, despite the fact that Mrs. Borowski had been awarded a raise, along with her fellow officers, in each of her prior twelve years on the force.

42.     Approximately two months after the election, Mrs. Borowski learned from Chief Chigas' secretary that Village employees had received a wage increase five or six weeks prior.

43.     Kathleen Borowski was the only Village employee who did not receive a wage increase.

44.     Mrs. Borowski confronted Chief Chigas to inquire as to the reason she did not receive a wage increase at the time all other Village employees received an increase.

45.     Chief Chigas replied, "I thought you knew about that. And since you didn't mention anything for so long, I thought you were o.k. with it."

46.     Mrs. Borowski responded, "No, I'm not o.k. with it. Why was I singled out as the only Village employee not given a raise?"

47.     Chief Chigas answered, "Kath, I had nothing to do with it. That was Mayor Landek's decision."

48.     Thereafter, Mrs. Borowski was called to a meeting with Mayor Landek at his place of business, the Bridgeview Bank, in order to discuss the reasons the Village did not give her a raise.

49.     During their discussion pertaining to the decision to single Mrs. Borowski out as

the sole Village employee who did not receive a raise under the new administration, Mayor

Landek offered the following explanation as to the reason for that decision: "You thought I

wasn't capable to do a good job as mayor."

## COUNT I

## § 1983 - FIRST AMENDMENT FREEDOM OF ASSOCIATION

All § 1983 claims alleged hereinafter pertain to Defendants named in their individual and

official capacities. As to Defendants in their individual capacities, Plaintiff seeks actual

damages, compensatory damages, consequential damages, exemplary and punitive damages and

any other relief the court deems appropriate under 42 U.S.C. § 1983. As to Defendants in their

official capacities, Plaintiff seeks actual damages, compensatory damages, equitable relief and

any other relief the court deems appropriate under 42 U.S.C. § 1983.

50.    Paragraphs one (1) through forty-nine (49) are incorporated by reference as if fully

set out herein.

51.    The acts and omissions alleged herein were committed with the knowledge,

acquiescence and active participation of the highest ranking policy-making officers of the Village

of Bridgeview.

52.    Defendants infringed Kathleen Borowski's First Amendment right to freely

associate with and support the mayoral candidate of her choice.

53.    As a direct and proximate result of Kathleen Borowski's outward support for the

mayoral candidate who had run against Mayor Landek in the last election (i.e. posting campaign

signs on her front lawn and attending Future Party rallies in support of the Future Party mayoral

candidate), Defendants took the aforementioned adverse employment actions against Mrs.

Borowski in violation of her First Amendment right to associate with the mayoral candidate of

9

her choice.

54.     Any contention by Defendants that Kathleen Borowski was threatened with discipline, disciplined, and/or denied a salary increase for legitimate employment reasons is pretext for unlawful retaliation in violation of Kathleen Borowski's Constitutional right to support the mayoral candidate of her choice without retaliation.

55.     Defendants sued in their individual capacities acted in violation of clearly established federal constitutional law when they violated Kathleen Borowksi's First Amendment Right to freely associate with the mayoral candidate of her choice and to associate with those who supported the mayoral candidate of her choice. Defendants had reason to know of the acts and omissions alleged herein and possessed authority to direct and control the actions of ranking officers, supervisory and other employees and agents of the Village of Bridgeview to cease taking adverse employment actions against Kathleen Borowski.  Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate or otherwise control ranking officers, supervisory and other employees and agents of the Village of Bridgeview, and failed to implement and enforce personnel policies and practices which would have prevented the violation of Kathleen Borowski's First Amendment right of association.

56.     The retaliation suffered by Kathleen Borowski was inflicted upon her pursuant to the overt, express, and at times, hidden, yet established, policy and practice of Defendants.

57.     The acts of discrimination of Defendants sued in their individual and official capacities were so pervasive and continuous as to constitute the policy and practice of the Village of Bridgeview.

58.     The acts of retaliation of Defendants sued in their individual and official capacities rose to the level of the policy of the Village of Bridgeview, because such acts were perpetrated by various final policy makers of the Village and by those to whom such final policy-

making authority was delegated and were such severe and egregious violations of Mrs.

Borowski's First Amendment rights by final policy-makers as to represent Village policy.

59.     The acts or omissions alleged herein constitute reckless or callous indifference to

Kathleen Borowski's federally protected rights entitling her estate to seek punitive damages

against Defendants in their individual capacities.

60.     As a direct and proximate result of the afore alleged willful and reckless acts or

omissions of Defendants, Kathleen Borowski was deprived of federally protected rights in

violation of 42 U.S.C. § 1983, and suffered damages, including, but not limited to, lost wages

and benefits.

## Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendants and respectfully

requests that this Court:

A.     Enter a Declaratory Judgment that the conduct and practices of Defendants

complained of herein are unlawful and violate 42 U.S.C. § 1983;

B.     Grant a permanent injunction restraining Defendants, its officers, successors,

assigns, and all persons in active concert or participation with them from engaging in any

practice which unlawfully retaliates against an individual for supporting a candidate of his or her

choice;

C.     Order Defendants to make whole the Estate of Kathleen A. Borowski by

providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful

practices;

D.     Order Defendants to pay all lost salary increases and benefits to the Estate of

Kathleen A. Borowski;

E.     Grant Plaintiff actual, consequential, compensatory, exemplary, punitive and any

11

other damages that the Court may deem appropriate as against Defendants jointly and severally in their individual capacities;.

     F.     Grant Plaintiff its attorney's fees, costs, and disbursements; and

     G.     Grant any relief as the Court deems necessary and proper in the public interest.

## COUNT II

### 42 U.S.C. § 1983

## RETALIATION IN VIOLATION OF FIRST AMENDMENT RIGHT TO FREE SPEECH

All § 1983 claims alleged hereinafter pertain to Defendants named in their individual and official capacities. As to Defendants in their individual capacities, Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary, and punitive damages and any other relief the court deems appropriate under 42 U.S.C. § 1983. As to Defendants in their official capacities, Plaintiff seeks actual damages, compensatory damages, equitable relief and any other relief the court deems appropriate under 42 U.S.C. § 1983.

61.     Paragraphs one (1) through sixty (60) are incorporated by reference as if fully set out herein.

62.     The acts and omissions alleged herein were committed with the knowledge, acquiescence, and active participation of the highest ranking officers of the Village of Bridgeview. By virtue of the acts and omissions alleged herein, Defendants, acting under color of state law and with state action, intentionally retaliated against Kathleen for having exercised her right to place political signs in her front yard during a local mayoral campaign and to openly speak in support of a candidate for mayor while off duty.

63.     Furthermore, the acts and omissions were willful and wanton in nature and served to deprive Kathleen of her right to freely, without retaliation, engage in speech on a matter of public concern in the form of placing political signs in her front yard during a local mayoral

campaign and to openly and vocally support a candidate for mayor while off duty as protected under the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

64.     The campaign signs posted in Kathleen Borowski's front yard supporting the Future Party mayoral candidate, her attendance and participation in Future Party rallies, and Kathleen Borowski's active pursuit of further support for the Future Party mayoral candidate among her fellow citizens in the community constitute speech on a matter of public concern in so far as such speech was intended to inspire support in the candidate she believed would best serve the interests of the citizens of the Village of Bridgeview during a local public mayoral election.

65.     Defendants sued in their individual capacities acted in violation of clearly established federal constitutional law when they engaged in unlawful retaliation against Kathleen Borowski for placing political signs in her front yard during a local mayoral campaign and for her open and vocal support of the Future Party mayoral candidate while off duty.

66.     Defendants had reason to know of the acts and omissions alleged herein and possessed authority to direct and control the actions of ranking officers, supervisory and other employees and agents of the Village of Bridgeview.  Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate or otherwise control ranking officers, supervisory and other employees, and agents of Defendants, and failed to implement and enforce personnel policies and practices which would have prevented the denial of Kathleen Borowski's First Amendment right to be free from retaliation for engaging in speech on a matter of public concern.  The unlawful retaliation suffered by Kathleen Borowski was inflicted upon her pursuant to the overt, express, and at times, hidden, yet established, policy and practice of the Village of Bridgeview.

67.     The acts of retaliation of Defendants sued in their individual and official capacities were so pervasive and continuous as to constitute the policy and practice of the Village

of Bridgeview.

68.     The acts of retaliation of Defendants sued in their individual and official capacities rose to the level of Village of Bridgeview policy, because such acts were perpetrated by various final policy makers of Defendants or by officials to whom such final policy-making authority was delegated.

69.     The acts or omissions alleged herein constitute reckless or callous indifference to Kathleen Borowski's federally protected rights entitling her to seek punitive damages against Defendants.  As a direct and proximate result of the afore alleged willful and reckless acts or omissions of Defendants, Kathleen Borowski was deprived of federally protected rights in violation of 42 U.S.C. § 1983, and has suffered damages, including, but not limited to, lost wages and benefits.

### Prayer for Relief

WHEREFORE, Plaintiff, prays for a judgment against Defendants and respectfully requests that this Court:

A.     Enter a Declaratory Judgment that the conduct and practices of Defendants complained of herein are unlawful and violate 42 U.S.C. § 1983;

B.     Grant a permanent injunction restraining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any practice which unlawfully retaliates against an individual for speaking out on issues of public concern;

C.     Order Defendants to make whole the Estate of Kathleen A. Borowski by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful practices;

D.     Order Defendants to pay all lost salary increases and benefits to the Estate of

Kathleen A. Borowski;

E.     Grant Plaintiff actual, consequential, compensatory, exemplary, punitive and any other damages that the Court may deem appropriate as against Defendants jointly and severally in their individual capacities;.

F.     Grant Plaintiff his attorney's fees, costs, and disbursements; and

G.     Grant any relief as the Court deems necessary and proper in the public interest.

## COUNT III

## FOURTEENTH AMENDMENT

## DENIAL OF EQUAL PROTECTION OF THE LAW

## 42 U.S.C. § 1983

All § 1983 claims alleged hereinafter pertain to Defendants named in their individual and official capacities. As to Defendants in their individual capacities, Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary, and punitive damages and any other relief the court deems appropriate under 42 U.S.C. § 1983. As to Defendants in their official capacities, Plaintiff seeks actual damages, compensatory damages, equitable relief and any other relief the court deems appropriate under 42 U.S.C. § 1983.

70.     Paragraphs one (1) through sixty-nine (69) are incorporated by reference as though fully set out herein.

71.     The acts and omissions alleged herein were committed with the knowledge, acquiescence, and active participation of the highest ranking officers of the Village of Bridgeview.

72.     Defendants intentionally subjected Kathleen Borowski to less favorable terms and conditions of her employment than similarly situated Village employees who supported the Active Party (or who refrained from showing support for the Future Party), and Defendants can

assert no rational basis for the difference in treatment.

73.    Defendants were motivated by a spiteful and abandoned discriminatory effort to punish Kathleen Borowski by adversely effecting the terms and conditions of her Village employment because of her political affiliation for reasons unrelated to any legitimate state objective as evidenced by, but not limited to, the overt abuse of office engaged in by Mayor Landek and Board of Trustee member Wayne Grabinski alleged in paragraphs twenty-one (21) through forty-nine (49) above.

74.    Defendants sued in their individual and official capacities acted in violation of clearly established constitutional law when they violated Kathleen Borowski's rights to equal protection of the laws in excluding her from a wage increase which all other Village employees received under the new administration, in threatening her with termination or the elimination of her position for having supported the Future Party, and in harassing, intimidating, and publically humiliating her place of employment for supporting the Future Party.

75.    Defendants had reason to know of the acts and omissions alleged herein and possessed authority to direct and control the action of the highest ranking officers, supervisory, and other employees and agents of the Village of Bridgeview.

76.    Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate or otherwise control ranking officers, supervisory and other employees and agents of the Village of Bridgeview.

77.    Moreover, Defendants failed to implement and enforce personnel polices and practices which would have prevented the violation of Mrs. Borowski's Equal Protection rights.

78.    The Village of Bridgeview had reason to know of the acts and omissions alleged herein and possessed authority to direct and control the actions of named ranking officers, supervisory, and other employees and agents of the Village of Bridgeview.

79.    The acts or omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights entitling her to seek punitive damages against Defendants named in their individual capacities.

80.    As a direct and proximate result of the alleged willful and reckless acts and omissions of Defendants, Plaintiff was deprived of federally protected rights in violation of 42 U.S.C. § 1983, and has suffered damages, including, but not limited to, lost wages and benefits.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Declare the conduct of Defendants to be in violation of the rights guaranteed to Plaintiff under appropriate federal law;

B.    Grant a permanent injunction restraining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of political affiliation;

C.    Order Defendants to make whole the estate of Kathleen A. Borowski by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful practices, including, but not limited to, any and all appropriate equitable and injunctive relief;

D.    Grant Plaintiff any consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

E.    Grant Plaintiff her attorney's fees, costs, and disbursements; and

F.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### Jury Trial Request

81.    Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,
The Estate of Kathleen A. Borowski,

BY: _____
Lisa Kane, Attorney for Plaintiff

Lisa Kane and Associates, P.C.
Attorney at Law
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney No. 06203093

**Verification**

I, John Borowski, the administrator of the Estate of Kathleen A. Borowski, declare under penalty of perjury that the foregoing is true and correct.  Executed on ___4- 28 - 00___.


___John Borowski___
John Borowski

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Estate of Kathleen A. ~~~~~
Borowski, by its administra-
tor, John Borowski.

**DEFENDANTS** ~~Village~~ of Bridgeview, et. al.

# 00C 2816

JUDGE CONLON

MAGISTRATE JUDGE DENLOW

Cat 2

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Lisa Kane & Associates (312) 606-0383
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** *(PLACE AN ☒ IN ONE BOX ONLY)*

☐ 1 U.S. Government Plaintiff
☒☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(PLACE AN ☒ IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)*
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** *(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.* This action seeks redress
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) for the violation of rights guaranteed to Kathleen A. ~~~
Borowski by 42 U.S.C. section 1983 to redress the deprivation of righs
under color of statute secured by the First and Fourteenth Amendments
to the United States Constitution.

**V. NATURE OF SUIT** *(PLACE AN X IN ONE BOX ONLY)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** *(PLACE AN ☒ IN ONE BOX ONLY)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
**DEMAND $** _____
Check YES only if demanded in complaint
**JURY DEMAND:** ☒☒ YES ☐ NO

**VIII. REMARKS** In response to ☒ is not a refiling of a previously dismissed action
General Rule 2.21 D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE 4/⅃8/00

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

The Estate of Kathleen A.
Borowski, by its administrator
John Borowski  VS. The Village of Bridgeview, et.al.

Case Number: 

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

The Estate of Kathleen A. Borowski, by John Borowski, administrator.

JUDGE CONLON

MAGISTRATE JUDGE DENLOW

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  Lisa Kane | NAME  Janice A. Wegner |
| FIRM  Lisa Kane and Associates | FIRM  Lisa Kane and Associates |
| STREET ADDRESS  120 South LaSalle St., Suite 1420 | STREET ADDRESS  120 South LaSalle St., Suite 1420 |
| CITY/STATE/ZIP  Chicago, Illinois 60603 | CITY/STATE/ZIP  Chicago, Illinois 60603 |
| TELEPHONE NUMBER  (312) 606-0383 | TELEPHONE NUMBER  (312) 606-0383 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  06203093 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  06200062 |
| MEMBER OF TRIAL BAR?  YES [X]  NO [ ] | MEMBER OF TRIAL BAR?  YES [ ]  NO [X] |
| TRIAL ATTORNEY?  YES [X]  NO [ ] | TRIAL ATTORNEY?  YES [ ]  NO [X] |
| | DESIGNATED AS LOCAL COUNSEL?  YES [ ]  NO [X] |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME  Zacharias C. Leonard | NAME |
| FIRM  Lisa Kane & Associates | FIRM |
| STREET ADDRESS  120 South LaSalle St. #1420 | STREET ADDRESS |
| CITY/STATE/ZIP  Chicago, Illinois 60603 | CITY/STATE/ZIP |
| TELEPHONE NUMBER  (312) 606-0383 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  06256274 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES [ ]  NO [X] | MEMBER OF TRIAL BAR?  YES [ ]  NO [ ] |
| TRIAL ATTORNEY?  YES [X]  NO [ ] | TRIAL ATTORNEY?  YES [ ]  NO [ ] |
| DESIGNATED AS LOCAL COUNSEL?  YES [ ]  NO [X] | DESIGNATED AS LOCAL COUNSEL?  YES [ ]  NO [ ] |

DOCKETED

MAY 11 2000

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.